IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

*Plaintiff,*

vs.

Case No. 21-10093-02-EFM

JUAN BATISTA-GARCIA,

*Defendant.*

**MEMORANDUM AND ORDER**

This matter comes before the Court on pro se Defendant Juan Batista-Garcia's Motion for Compassionate Release (Doc. 77). He seeks early release from prison. As explained below, the Court dismisses Defendant's Motion for failure to exhaust his administrative remedies.

**I.     Factual and Procedural Background**

On October 21, 2022, Defendant waived indictment and pleaded guilty to a Superseding Information, charging him with distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). On January 25, 2023, the Court sentenced Defendant to 108 months' imprisonment. Defendant is set to be released from the Bureau of Prisons' custody on February 1, 2031.

On September 18, 2025, Defendant filed a Motion for Compassionate Release. He seeks early release from prison asserting that (1) the United States Sentencing Commission might amend the sentencing guidelines in November 2025 to eliminate the distinction between pure

methamphetamine and mixed methamphetamine; (2) the United States Supreme Court might issue an opinion in *Rutherford v. United States* that may affect fundamental changes in sentencing law; and (3) President Biden granted clemency in January 2025 to numerous defendants serving long sentences for methamphetamine-related offenses which reflects a national policy shift for lower prison sentences. The Government opposes Defendant's motion.

## II.   Legal Standard

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), allows a defendant to seek early release from prison provided certain conditions are met. First, a motion for compassionate release may only be filed if: (1) "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf;" or (2) 30 days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[1] Exhaustion is a mandatory claim-processing rule in the Tenth Circuit.[2]

If a defendant satisfies the exhaustion requirement, district courts use a three-part test when deciding a defendant's motion.[3] This test requires the Court to consider whether (1) "extraordinary and compelling reasons" warrant the sentence reduction, (2) "such reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) any reduction is consistent with the applicable sentencing factors set forth in 18 U.S.C. § 3553(a).[4] If the Court denies the motion because the defendant fails to meet one of the prerequisites, it may do so without

---

[1] 18 U.S.C. § 3582(c)(1)(A).

[2] *United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021).

[3] *United States v. McGee*, 992 F.3d 1035, 1042–43 (10th Cir. 2021) (quoting *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)); *see also United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021) (discussing and employing the same three-part test).

[4] *McGee*, 992 F.3d at 1042–43 (citations and internal quotation marks omitted).

addressing all three factors.[5] If, however, the Court grants the motion, the Court must address all steps.[6]

### III.  Analysis

Exhaustion is a mandatory claim-processing rule that the government may forfeit or waive.[7] If, however, the government invokes it, the Court must enforce it.[8] Here, the Government states that Defendant does not demonstrate administrative exhaustion. Indeed, Defendant does not address the exhaustion issue at all. In addition, he does not attach any communications that he had with the warden or any official at his facility regarding a request for compassionate release. Thus, Defendant fails to demonstrate that he exhausted his administrative remedies. Accordingly, the Court must dismiss Defendant's Motion for Compassionate Release without prejudice to refiling if Defendant exhausts his administrative remedies.

**IT IS THEREFORE ORDERED** that Defendant Juan Batista-Garcia's Motion for Compassionate Release (Doc. 77) is **DISMISSED**.

---

[5] *Id.* at 1043 (citation omitted); *see also United States v. Hald*, 8 F.4th 932, 942–43 (10th Cir. 2021) (explicitly stating that a district court can choose which order to consider the three steps, and "[i]f the most convenient way for the district court to dispose of a motion for compassionate release is to reject it for failure to satisfy one of the steps, we see no benefit in requiring it to make the useless gesture of determining whether one of the other steps is satisfied.").

[6] *McGee*, 992 F.3d at 1043 (citation omitted).

[7] *Hemmelgarn*, 15 F.4th at 1030.

[8] *See United States v. Meinert*, 2022 WL 36411, at *2 (D. Kan. Jan. 4, 2022) (citing *Hemmelgarn*, 15 F.4th at 1030–31) (further citations omitted).

**IT IS SO ORDERED**.

Dated this 24th day of September, 2025.

                                                ERIC F. MELGREN
                                                UNITED STATES DISTRICT JUDGE